# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF NEW YORK

LETISE T. JOHNSON,

                           Plaintiff,

    - v -                                      Civ. No. 1:13-CV-348
                                                  (LEK/RFT)

BRIAN FISCHER; DAVID ROCK; T. ZERNIAK,

                           Defendants.

**APPEARANCES:**                                  **OF COUNSEL:**

Letise T. Johnson
Plaintiff, *Pro Se*
908 Summit Walk Drive
Apt. 204
Charlotte, NC 28270

**RANDOLPH F. TREECE**
**United States Magistrate Judge**

## REPORT-RECOMMENDATION and ORDER

      The Clerk has sent for review a civil rights Complaint filed by *pro se* Plaintiff Letise Johnson pursuant to 42 U.S.C. § 1983. Dkt. No. 1, Compl. Plaintiff, who has not paid the filing fee, has submitted an Application to Proceed *In Forma Pauperis* ("IFP"). Dkt. No. 2, IFP App.

## I. DISCUSSION

### A. Application to Proceed *In Forma Pauperis*

      Upon review of Plaintiff's IFP Application (Dkt. No. 2), the Court finds that Plaintiff has demonstrated sufficient economic need and may commence this action without prepayment of the filing fee. Thus, Plaintiff's IFP Application is **granted**.

### B. Pleading Requirements

Section 1915(e) of Title 28 of the United States Code directs that, when a plaintiff seeks to proceed *in forma pauperis*, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Thus, it is a court's responsibility to determine that a plaintiff may properly maintain her complaint before permitting her to proceed further with her action.

In reviewing a *pro se* complaint, this Court has a duty to show liberality toward *pro se* litigants, *see Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990), and should exercise "extreme caution . . . in ordering sua sponte dismissal of a pro se complaint *before* the adverse party has been served and both parties (but particularly the plaintiff) have had an opportunity to respond." *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983) (emphasis in original) (citations omitted). Therefore, a court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). Although the court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id*. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (citing *Twombly*, 550 U.S. at 555). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged –

but it has not 'show[n]'–'that the pleader is entitled to relief.'" *Id.* at 679 (quoting FED. R. CIV. P. 8(a)(2)). Furthermore, Federal Rule of Civil Procedure 8 "demands more than an unadorned, the-defendant- unlawfully-harmed-me accusation." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555). Thus, a pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice. *Id.* (internal quotation marks and alterations omitted). Allegations that "are so vague as to fail to give the defendants adequate notice of the claims against them" are subject to dismissal. *Sheehy v. Brown*, 335 F. App'x 102, 104 (2d Cir. 2009).

### C. Allegations Contained in the Complaint

Plaintiff brings this action under 42 U.S.C. § 1983, which establishes a cause of action for "the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States by a person acting under color of state law. *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983); *see also Myers v. Wollowitz*, 1995 WL 236245, at *2 (N.D.N.Y. Apr. 10, 1995) (Section 1983 "is the vehicle by which individuals may seek redress for alleged violations of their constitutional rights."). In order to state a claim pursuant to 42 U.S.C. § 1983, a plaintiff must allege that (1) "some person has deprived him of a federal right," and (2) "the person who has deprived him of that right acted under color of state . . . law." *Velez v. Levy*, 401 F.3d 75, 84 (2d Cir. 2005) (quoting *Gomez v. Toledo*, 446 U.S. 635, 640 (1980)).

By her Complaint, Plaintiff asserts that her father, Johnathan Johnson, is an inmate housed in Upstate Correctional Facility. Compl. at ¶ 4. She alleges that on November 26, 2012, Mr. Johnson received a superintendent's hearing, after which she was informed that he could not have visitors for six months. *Id*. Plaintiff asserts that as a result of this visitation denial, her, and her children's, constitutional rights under the First, Eighth, and Fourteenth Amendments have been

violated. *Id.* at ¶ 5.

In light of Plaintiff's *pro se* status, the Court has examined the Complaint carefully to determine whether a basis exists for this Court's exercise of jurisdiction over her claims. Plaintiff's Complaint is problematic on several grounds.

First, she asserts no allegations of fact regarding the personal involvement of each named Defendant. The Second Circuit has held that "personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994) (citations omitted). Moreover, "the doctrine of *respondeat superior* cannot be applied to section 1983 actions to satisfy the prerequisite of personal involvement." *Kinch v. Artuz*, 1997 WL 576038, at *2 (S.D.N.Y. Sept. 15, 1997) (citing *Colon v. Coughlin*, 58 F.3d 865, 874 (2d Cir. 1995) & *Wright v. Smith*, 21 F.3d at 501) (further citations omitted). Thus, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the constitution." *Ashcroft v. Iqbal*, 556 U.S. at 676. Because Plaintiff fails to allege the personal involvement of any named Defendant in any constitutional wrongdoing, the Complaint is subject to dismissal.

Second, Plaintiff has no cognizable right to Eighth Amendment protection against cruel and unusual punishment because she is not subject to any punishment having not been convicted of, nor accused of committing, a crime. *See Caiozzo v. Koreman*, 581 F.3d 63, 69 (2d Cir. 2009). Nor can Plaintiff bring this action on her father's behalf because she lacks standing to do so. *Warth v. Selden*, 422 U.S. 490, 499 (1975) ("A federal court's jurisdiction therefore can be invoked only when the plaintiff [herself] ha suffered some threatened or actual injury resulting from the putatively illegal action. . . ." (internal quotation marks and citation omitted)); *Barrett v. United States*, 622 F.

Supp. 574 (S.D.N.Y. 1985) ("[Section 1983 civil rights action is a personal suit and may not be brought by a relative, even the parents . . . or spouse or children of the individual whose civil rights were violated." (internal quotation marks and citations omitted)).

Third, while there does exist a cause of action regarding deprivation of intimate association under the First and Fourteenth Amendments,[1] due to the paucity of facts alleged in this Complaint, such a claim could not proceed as drafted. *Roberts v. United States Jaycees*, 468 U.S. 609, 617-18 (1984). Relationships between children and parents, siblings, and spouses "receive the greatest degree of protection because they are among the most intimate of relationships." *Patel v. Searles*, 305 F.3d 130, 136 (2d Cir. 2002). Most Circuit Courts of Appeals have determined that when it comes to asserting claims of governmental interference with intimate familial relationships with an adult son/daughter/sibling, a plaintiff must allege that a particular defendant's actions were undertaken for the purpose of interfering with such relationship; without the intent component, courts have ruled that there is no constitutionally protected liberty interest in maintaining that adult relationship.[2] While the Second Circuit has not definitively stated that the intent component is necessary, most district courts in this Circuit follow the other Circuit Courts of Appeals and hold that it is. *See Laureano v. Goord*, 2007 WL 2826649, at *10 (S.D.N.Y. Aug. 31, 2007); *Busch v.*

---

[1] The Supreme Court has acknowledged that citizens enjoy protected rights of intimate association in two distinct ways: (1) the right "to enter into and maintain certain intimate human relationships" without "undue intrusion by the State," (categorized as intimate association rights); and (2) the "right to associate for the purpose of engaging in those activities protected by the First Amendment – speech, assembly, petition for the redress of grievances, and the exercise of religion," (categorized as expressive association rights). *Roberts v. United States Jaycees*, 468 U.S. 609, 617-18 (1984) (quoted in *Agostino v. Simpson*, 2008 WL 4906140, at *9 (S.D.N.Y. Nov. 17, 2008)). Claims related to familial relationships fall under the liberty interests protected by the Substantive Due Process component of the Fourteenth Amendment. *Garten v. Hochman*, 2009 WL 302267, at *6 (S.D.N.Y. Jan. 28, 2009) (intimate relationship claims with regard to parent-child relationships arise under the Fourteenth Amendment, not the First).

[2] For an analysis regarding the holdings of the Circuit Courts of Appeal, refer to *Campos v. Weissman*, 2009 WL 7771872 (N.D.N.Y. Sept. 10, 2009).

*City of New York*, 2003 WL 22171896, at *5 (E.D.N.Y. Sept. 11, 2003); *Pizzuto v. Cnty. of Nassau*, 240 F. Supp. 2d 203 (E.D.N.Y . 2002).

Herein, there are not enough facts alleged in the Complaint to allow this Court to assess whether a viable claim has been stated with regard to Plaintiff's Fourteenth Amendment right to intimately associate with her father, nor if she can bring this claim on behalf of her children regarding their right to associate with their grandfather. We recognize that Plaintiff is proceeding *pro se* and that this requires the Court to treat her pleading with a certain degree of liberality. Nevertheless, the Complaint is wholly insufficient to state any plausible claim for relief or to allow a defendant to make a reasonable response.

Under these circumstances, the Court concludes that the Complaint as drafted fails to state a claim upon which relief may be granted and is subject to dismissal pursuant to 28 U.S.C. § 1915. *See Iqbal*, 556 U.S. at 678 ("[A] complaint [does not] suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'") (quoting *Twombly*, 550 U.S. at 557). Thus, we recommend dismissal of this action.

Alternatively, in light of her *pro se* status, the Court recommends that prior to outright dismissal of this action, the Court should afford Plaintiff the opportunity to file an amended complaint if she desires to proceed with this action. Should Plaintiff be directed by the District Judge to file an amended complaint, we offer the following guidance. Any such amended complaint, **which shall supersede and replace in its entirety the previous Complaint filed by Plaintiff**, must contain a caption that clearly identifies, by name, each individual that Plaintiff is suing in the present lawsuit and must bear the case number assigned to this action. The body of Plaintiff's amended complaint must contain **sequentially numbered paragraphs containing only one act of**

**misconduct per paragraph**. Thus, if Plaintiff claims that her civil and/or constitutional rights were violated by more than one defendant, or on more than one occasion, she should include a corresponding number of paragraphs in her amended complaint for each such allegation, with each paragraph specifying (i) the alleged act of misconduct; (ii) the date on which such misconduct occurred; (iii) the names of each and every individual who participated in such misconduct; (iv) where appropriate, the location where the alleged misconduct occurred; and, (v) the nexus between such misconduct and Plaintiff's civil and/or constitutional rights.

Plaintiff's amended complaint shall also assert claims against each and every defendant named in such complaint; **any defendant not named in such pleading shall not be a defendant in the instant action**. Plaintiff is further cautioned that no portion of any prior complaint shall be incorporated into her amended complaint by reference. **Plaintiff shall state in the single amended complaint all claims that she wishes this Court to consider as a basis for awarding Plaintiff relief herein; her failure to file such a pleading will result in dismissal of this action without further Order of the Court**.

### III.  CONCLUSION

For the reasons stated herein, it is hereby

**ORDERED**, that Plaintiff's *In Forma Pauperis* Application (Dkt. No. 2) is **granted**; and it is further

**RECOMMENDED**, that pursuant to the Court's review under 28 U.S.C. § 1915, Plaintiff's entire Complaint should be **dismissed** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failing to state a claim upon which relief can be granted. However, in light of her *pro se* status, this Court further

**RECOMMENDS**, that prior to outright dismissal, Plaintiff be afforded an opportunity to

amend her Complaint consistent with the directions above. In any amended complaint that Plaintiff files, Plaintiff must allege claims of misconduct or wrongdoing against Defendants that she has a legal right to pursue and over which this Court has jurisdiction; and it is further

**ORDERED**, that the Clerk serve a copy of this Report-Recommendation and Order on Plaintiff by certified mail.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Date: April 9, 2013
       Albany, New York

Randolph F. Treece
U.S. Magistrate Judge